UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY R. ENGLISH,<br><br>              Plaintiff,<br><br>    v.<br><br>CLARK COUNTY JAIL, GARRY LUCAS, and JACKIE BATTIES,<br><br>              Defendants. | CASE NO. C14-5328 RBL-JRC<br><br>ORDER THAT PLAINTIFF FILE AN AMENDED COMPLAINT |

      This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff names the Clark County Jail and certain supervisory persons in the jail for alleged deliberate indifference to his medical needs (Dkt. 1, proposed complaint). The Court finds a number of defects in plaintiff's original complaint.

      A county jail is not an entity that can be sued in a civil rights action. 42 U.S.C. § 1983 allows for suit against a person acting under the color of state law who deprives someone of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt*

*v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986).

42 U.S.C. § 1983 applies to actions of "persons" acting under color of state law. The language of §1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo*, 445 U.S. 622, 627 (1980). Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash. App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle,* 557 F. Supp.2d 1189, 1207 (W.D. Wash. 2008)(holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

The proper defendant would be Clark County, not the Clark County Jail. Further, plaintiff's proposed complaint is devoid of facts showing how the named defendants acted. While plaintiff makes allegations concerning his medical care he does not state that either named person, Garry Lucas or Jackie Batties provides or provided medical care to him.

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under 42 U.S.C. § 1983. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose

ORDER THAT PLAINTIFF FILE AN AMENDED
COMPLAINT - 2

acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how each defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A 42 U.S.C. § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

The Court orders that plaintiff file an amended complaint curing the defects in his filing. Plaintiff's amended complaint will act as a complete substitute for the original and not as a supplement. Plaintiff must file his amended complaint on or before June 6, 2014, or the Court will recommend dismissal of this action for failure to comply with a Court order and failure to prosecute.

Dated this 2nd day of May, 2014.

J. Richard Creatura
United States Magistrate Judge